IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON SCOTT MEEK,

               Plaintiff,

   v.                                               ORDER

CHASE BROCK, GREGORY KASHINSKE,          21-cv-545-jdp
CHRISTOPHER WEBER, and COLUMBIA COUNTY,

               Defendants.

---

Plaintiff Brandon Scott Meek, appearing pro se, is a prisoner at Kettle Moraine Correctional Institution. Meek alleges that Columbia County sheriff's deputies used excessive force in arresting him while he was disoriented from a concussion. I granted him leave to proceed on Fourth Amendment claims against the officers involved in his arrest and against Columbia County.

Meek has filed a motion for appointment for counsel, stating that he is indigent, that he has a limited knowledge of the law, that he is allowed only limited law library time, and that he does not know how to obtain police reports and other materials from defendants. Dkt. 10 and Dkt. 11. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

To show that it is appropriate for the court to recruit counsel, a plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. The financial information that Meek has submitted is sufficient to meet this requirement.

Second, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Meek has submitted correspondence from one lawyer, Dkt. 11-1, which is not enough to show that he has made reasonable efforts to find counsel himself.

Third, this court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Even had Meek met the requirement that he search for counsel on his own before filing his motion for recruitment of counsel, I would deny his motion because I am not yet convinced that this case is one requiring the assistance of counsel. It is far too early in this lawsuit to tell whether the case will truly boil down to issues that are too complex for Meek to handle; defendants have not yet answered the complaint. Meek's lack of legal training is common among pro se litigants and I have not seen evidence that he is more limited than the typical pro se litigant. After defendants answer the complaint, the court will hold a telephonic preliminary pretrial conference, at which Magistrate Judge Stephen Crocker will explain the

2

schedule and discuss some of the procedures that the parties will use to litigate the case, including discovery methods available to litigants. As for Meek's statement that he is allowed only limited law library time, he should attempt to work with defendants' counsel to get the access he needs to litigate this case. If those efforts are unsuccessful, Meek should ask the court for an extension of a specific deadline if he needs one.

I will deny Meek's motion without prejudice, which means that he can renew his motion if he continues to believe that he is unable to litigate the suit himself. But if he refiles his motion, he will have to (1) provide evidence that he has contacted at least three lawyers about taking his case and that they have refused; and (2) explain what specific litigation tasks he cannot perform himself.

Meek has filed a motion asking the court for an order "waiving the copy requirement" by allowing him to file one copy of his documents with the court and send one copy to opposing counsel. Dkt. 12. Meek appears to be under the impression that he is required to serve additional copies on each defendant as well as their counsel, but this is incorrect, so I will deny his motion. Under Federal Rule of Civil Procedure 5, he is required only to send one copy to defendants' counsel and one copy to the court. If it turns out that defendants are not all represented by the same counsel, then Meek will be required to send one copy to each set of lawyers.

Meek has filed a motion asking for the court to order the prison business office to let him use funds in his release account to pay for his expenses in litigating this case. Dkt. 13. But with the exception of initial partial payments of filing fees, this court does not have the authority to tell state officials whether a prisoner should be able to withdraw money from a

3

release account. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005). So I will deny Meek's motion to use release account funds for other purposes.

Meek also asks if he needs to amend his complaint to include a specific amount of damages. Dkt. 13. Meek remains free to amend his complaint subject to the provisions of Federal Rule of Civil Procedure 15. But he is not required to plead an exact dollar amount of the damages that he believes he has suffered. *See, e.g., Duncan Place Owners Ass'n v. Danze, Inc.*, No. 15 C 01662, 2015 WL 5445024, at *5 (N.D. Ill. Sept. 15, 2015) ("All that is required is a pleading plausibly alleging that the plaintiff has suffered a legally cognizable harm; the extent of that harm is a factual question to be resolved later in the case.").

## ORDER

IT IS ORDERED that:

1.  Plaintiff Brandon Scott Meek's motion for the court's assistance in recruiting him counsel, Dkt. 10, is DENIED without prejudice.

2.  Plaintiff's motion to waive service requirements, Dkt. 12, is DENIED.

3.  Plaintiff's motion for use of release account funds, Dkt. 13, is DENIED.

Entered November 10, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge