IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON SCOTT MEEK,

                Plaintiff,

v.                                                           ORDER

CHASE BROCK, GREGORY KASHINSKE,               21-cv-545-jdp
CHRISTOPHER WEBER, and COLUMBIA COUNTY,

                Defendants.

---

Plaintiff Brandon Scott Meek, appearing pro se, is a prisoner at Kettle Moraine Correctional Institution. Meek alleges that Columbia County sheriff's deputies used excessive force in arresting him while he was disoriented from a concussion. I granted him leave to proceed on Fourth Amendment claims against the officers involved in his arrest and against Columbia County.

Defendants have filed a motion for summary judgment. Meek has responded to that motion by filing what he calls a request for entry of default judgment against defendants as a sanction for their late service of their summary judgment materials upon him. Dkt. 45. He states that defendants electronically filed their motion and supporting materials on December 9, 2022, but Meek did not receive physical copies in the mail until December 19.

Default judgment is meant for when a party fails to defend itself in court, not as a sanction. But even if I considered the court's own inherent power to sanction parties for misconduct, I would deny Meek's motion. Meek has not been prejudiced by the late-arriving materials. The court already extended Meek's response deadline after he wrote to the court stating that he had received a briefing schedule for a motion that had not yet been delivered to him. And there is no evidence that defendants withheld their filings from him: they explain

that their motion was placed in the outgoing mail on the evening of Friday, December 9, and Meek's copy of the envelope containing that motion was postmarked Monday December 12. *See* Dkt. 45-1. The week delay in the mail arriving at Meek's cell was not defendants' fault.

Meek has filed a motion for extension of his summary judgment response deadline, stating that the law library was shut down in early December. Dkt. 49. But his motion is dated before the court extended his deadline to January 30. So I will deny his motion for extension of time as moot.

Meek has also renewed his motion for the court's assistance in recruiting him counsel. Dkt. 50, Meek now states that he has contacted several lawyers who have turned down his requests to represent him. He also states that he is not well-versed in the law, that he lacks adequate funds to litigate his case, that the case will involve issues of a "technical scientific nature," and that the law library facilities at his prison are temporarily closed. But I am not convinced that this case is one of the relatively few in which it is necessary to recruit counsel. Meek's financial situation, lack of legal knowledge, and problems with the law library are commonplace among pro se litigants in this court. And it is too early to tell whether defendants' summary judgment motion will turn on issues too complex for him to litigate himself. Meek should respond to defendants' summary judgment motion. Should the summary judgment materials show that the case is too complex for Meek to handle, I will reconsider his motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Brandon Scott Meek's motion for default judgment or sanctions, Dkt. 45, is DENIED.

2. Plaintiff's motion for extension of time, Dkt. 49, is DENIED.

3. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 50, is DENIED without prejudice.

Entered January 5, 2023.

BY THE COURT:

_____/s/_____
JAMES D. PETERSON
District Judge